UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>NEW SEABURY COMPANY<br>LIMITED PARTNERSHIP,<br><br>                Debtor.<br><br>NEW SEABURY COMPANY<br>LIMITED PARTNERSHIP,<br><br>                Appellant,<br><br>v.<br><br><br>NEW SEABURY PROPERTIES, LLC,<br><br>                Appellee, | Case No. 97-12964-WCH<br>Chapter 11<br><br><br><br><br><br><br><br><br><br>Bankruptcy Appeal<br><br>04-cv-11981-DPW |

### AMENDED STATEMENT OF ISSUES ON APPEAL

New Seabury Company Limited Partnership, the post-confirmation debtor and appellant ("NSC"), pursuant to Bankruptcy Rule 8006, hereby files its Amended Statement of Issues to be presented on appeal[1]. Specifically, the issues to be presented are as follows:

1. Whether the United States Bankruptcy Court, District of Massachusetts, Eastern Division ("Bankruptcy Court") erred in entering its Order Regarding Memorandum of Decision on Second Remand on July 20, 2004 (the "Bankruptcy Court Order").

2. Whether the Bankruptcy Court erred, on remand, in determining that application of the accounting methodologies employed by NSC on the date the plan of reorganization (the

---

[1] The purpose of this amendment is to correct a typographical error in Paragraph 7. No further modifications were made.

2273518_1.DOC

"Plan") of New Seabury Properties, LLC ("NSP") was confirmed (the "Confirmation Date"), as directed by the Order of the United States District Court, District of Massachusetts (J. Woodlock) ("District Court") dated March 8, 2004 ("Remand Order"), entitled NSC to retain only $55,670 of the funds in dispute.

3. Whether the Bankruptcy Court erred in determining that it was imperatively bound by the Remand Order to determine the amount of cash to which NSC is entitled by applying the accounting methodologies employed by NSC on the date the Plan was confirmed.

4. Whether the Bankruptcy Court's factual finding that application of the accounting methodologies employed by NSC on the Confirmation Date, as directed by the District Court in its Remand Order, results in a determination that the cash attributable to the general real estate brokerage operations of NSC (the "Brokerage") was $55,670 is clearly erroneous.

5. Whether the Bankruptcy Court erred in failing to follow the District Court's determination that NSP had waived the argument that the real estate carrying costs should be applied as a deduction against the net income of the Brokerage.

6. Whether the Bankruptcy Court erred in its application of the District Court's Remand Order directing it to determine the amount of cash attributable to Brokerage by using NSC's internal accounting methodology as of the Confirmation Date by applying numbers not found on, nor derivable from, NSC's internal accounting records.

7. Whether the District Court erred in reversing, in part, the Memorandum and Order of the Bankruptcy Court dated February 7, 2003.

8. Whether the District Court erred in determining that the method of determining the cash attributable to the Brokerage which NSC is entitled to retain under the Stipulation Relating to Competing Plans of Reorganization, Objections to Confirmation, Motion for

Reconsideration and Motion for Plan Modification" (the "<u>Stipulation</u>") should be determined by reference to NSC's internal accounting methodologies in effect as of the Confirmation Date.

9. Whether the District Court erred in affording internally contradictory direction to the Bankruptcy Court as to how to determine the amount of cash attributable to the Brokerage in mandating that the Bankruptcy Court use NSC's internal accounting methodology as of the Confirmation Date, and then stated possible results of $55,570 and $86,846 when neither of those figures was derivable from the face of NSC's internal accounting records.

10. Whether the District Court erred in reversing the Bankruptcy Court's determination that the amount of cash attributable to the Brokerage was properly determinable through application of the accounting principles presented in testimony to the Bankruptcy Court.

11. Whether the District Court erred in rejecting the Bankruptcy Court's factual finding that the cash of the Brokerage as of September 18, 1998 ("<u>Closing Date</u>") was $479,457.

12. Whether the District Court erred in reversing the Bankruptcy Court's factual finding that the cash of the Brokerage as of the Closing Date was $479,457 without finding that determination to have been clearly erroneous.

13. Whether the District Court erred in overruling the Bankruptcy Court's factual determination that the Brokerage consisted of two divisions, referred to as the "New Seabury Real Estate" and "Sound Realty" without finding that determination to have been clearly erroneous.

Respectfully submitted,

NEW SEABURY COMPANY LIMITED PARTNERSHIP,

By its counsel,

HOLLAND & KNIGHT LLP,


/s/ Lynne B. Xerras
John J. Monaghan (BBO # 546454)
Lynne B. Xerras (BBO # 632441)
David G. Sobol (BBO # 647057)
10 St. James Avenue
Boston, Massachusetts 02116
(617)523-6850

Dated:  September 23, 2004

CERTIFICATE OF SERVICE

I, Lynne B. Xerras, Esq., counsel to the Appellant, do hereby certify that I served a copy of the foregoing Amended Statement of Issues on Appeal on the following parties by first-class mail, postage prepaid on this 23rd day of September, 2004:

Robert N. Michaelson, Esquire
Kirkpatrick & Lockhart
599 Lexington Avenue
New York, NY 10022

Daniel E. Rosenfeld, Esquire
Kirkpatrick & Lockhart
75 State Street
Boston, MA 02109

/s/ Lynne B. Xerras

# 2273518_v1