UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>NEW SEABURY COMPANY LIMITED PARTNERSHIP,<br><br>           Debtor.<br><br>NEW SEABURY COMPANY LIMITED PARTNERSHIP,<br><br>           Appellant,<br><br>v.<br><br>NEW SEABURY PROPERTIES, LLC,<br><br>           Appellee. | Case No. 97-12964-WCH<br>Chapter 11<br><br><br><br><br><br>Bankruptcy Appeal<br>Civil Action No. 04-11981-DPW |

APPELLANT'S STATEMENT OF ISSUES
ON APPEAL TO FIRST CIRCUIT COURT OF APPEALS

New Seabury Company Limited Partnership, the post-confirmation debtor and Appellant ("NSC"), pursuant to Federal Rule of Bankruptcy Procedure 8006, hereby files its Statement of Issues to be presented on appeal to the First Circuit Court of Appeals. Specifically, the issues to be presented are as follows:

1. Whether the United States District Court, District of Massachusetts (J. Woodlock) ("District Court") erred in entering the Order of Dismissal dated March 23, 2005 (the "Dismissal Order").

2. Whether the District Court erred in affirming the Order Regarding Memorandum of Decision on Second Remand on July 20, 2004 (the "Bankruptcy Court Order") of the United

2735968_1.DOC

States Bankruptcy Court, District of Massachusetts, Eastern Division ("Bankruptcy Court") by virtue of the Dismissal Order.

3. Whether the District Court erred when it affirmed the Bankruptcy Court's ruling on remand from the District Court pursuant to the Order of the District Court dated March 8, 2004 ("Remand Order"), that application of the accounting methodologies employed by NSC on the date the plan of reorganization (the "Plan") of New Seabury Properties, LLC ("NSP") was confirmed (the "Confirmation Date") entitled NSC to retain only $55,670 of the funds in dispute.

4. Whether the District Court erred in affirming the Bankruptcy Court's determination that the Bankruptcy Court was imperatively bound by the Remand Order to determine the amount of cash to which NSC is entitled by applying the accounting methodologies employed by NSC on the date the Plan was confirmed.

5. Whether the District Court erred in refusing to set aside the Bankruptcy Court's factual finding that application of the accounting methodologies employed by NSC on the Confirmation Date, as directed by the District Court in its Remand Order, results in a determination that the cash attributable to the general real estate brokerage operations of NSC (the "Brokerage") was $55,670.

6. Whether the District Court erred in affirming the Bankruptcy Court Order despite the failure of the Bankruptcy Court to apply the District Court's prior determination in the Remand Order that NSP had waived the argument that the real estate carrying costs should be applied as a deduction against the net income of the Brokerage.

7. Whether the District Court erred in upholding the Bankruptcy Court's finding as to the amount of cash attributable to the Brokerage using NSC's internal accounting methodology as of the Confirmation Date in accordance with the Remand Order when the

Bankruptcy Court's analysis applied numbers not found on, nor derivable from, NSC's internal accounting records.

8. Whether the District Court erred in affirming the Remand Order.

9. Whether the District Court erred in affirming the District Court's ruling in the Remand Order that the method of determining the cash attributable to the Brokerage which NSC is entitled to retain under the Stipulation Relating to Competing Plans of Reorganization, Objections to Confirmation, Motion for Reconsideration and Motion for Plan Modification" (the "Stipulation") should be determined by reference to NSC's internal accounting methodologies in effect as of the Confirmation Date.

10. Whether the District Court erred in upholding the Remand Order despite the internally contradictory direction within that Order to the Bankruptcy Court as to how to determine the amount of cash attributable to the Brokerage.

11. Whether the District Court erred in affirming the District Court's mandate in the Remand Order that the Bankruptcy Court use NSC's internal accounting methodology as of the Confirmation Date to resolve the parties' dispute, and then listing possible results of $55,570 and $86,846, when neither of those figures was derivable from the face of NSC's internal accounting records.

12. Whether the District Court erred in affirming the District Court's reversal in the Remand Order of the Bankruptcy Court's prior determination as a factfinder that the amount of cash attributable to the Brokerage was properly determinable through application of the accounting principles presented in testimony to the Bankruptcy Court at trial.

13. Whether the District Court erred in upholding the District Court's rejection in the Remand Order of the Bankruptcy Court's factual finding that the cash of the Brokerage as of September 18, 1998 ("Closing Date") was $479,457.

14.     Whether the District Court erred in affirming the District Court's reversal by virtue of the Remand Order of the Bankruptcy Court's factual finding that the cash of the Brokerage as of the Closing Date was $479,457 despite the District Court not having found that determination to have been clearly erroneous.

15.     Whether the District Court erred in affirming the Remand Order and setting aside the Bankruptcy Court's factual determination that the Brokerage consisted of two divisions, referred to as the "New Seabury Real Estate" and "Sound Realty", without the District Court having found that determination to have been clearly erroneous in the Remand Order.

Respectfully submitted,

NEW SEABURY COMPANY LIMITED PARTNERSHIP,

By its counsel,

HOLLAND & KNIGHT LLP,

/s/ John J. Monaghan
John J. Monaghan (BBO # 546454)
Lynne B. Xerras (BBO # 632441)
David G. Sobol (BBO # 647057)
10 St. James Avenue
Boston, Massachusetts 02116
(617)523-6850

Dated: April 4, 2005

- 5 -

## CERTIFICATE OF SERVICE

      I, John J. Monaghan, Esq., counsel to the Appellant, do hereby certify that I served a copy of the foregoing Statement of Issues on Appeal on the following parties by first-class mail, postage prepaid on this 4th day of April, 2004:

Daniel E. Rosenfeld, Esquire
Kirkpatrick & Lockhart
75 State Street
Boston, MA 02109

                                        /s/ John J. Monaghan

# 2735968_v1